IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | Crim. No. 1:17-cr-123 |
|---|---|---|
| v. | : | |
| ANTHONY JOHNSON | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Presently before the court is Defendant Anthony Johnson's ("Defendant") motion to dismiss indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161. Defendant argues that an order of this court granting a continuance did not properly exclude time under the Speedy Trial Act and, thus, more than 70 unexcludable days have elapsed since the Government filed the indictment against Defendant. For the reasons that follow, the court will deny Defendant's motion.

**I.    Background**

On April 18, 2017, Defendant was charged by indictment with two offenses: interference with commerce by robbery, 18 U.S.C. § 1951, and use, carry, brandish, and discharge a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A). In short, the indictment charges that Defendant brandished or otherwise used a handgun to threaten an individual during a robbery. (Doc. 1.) Defendant and an accomplice allegedly attempted to rob the victim of his wallet and cellphone, and, during the robbery, the victim was shot in the head. (*Id.*) On

April 25, 2017, Defendant was arraigned and entered a plea of not guilty. (Doc. 14.) On May 31, 2017, Defendant filed a motion to continue jury selection on the grounds that counsel for Defendant required more time to prepare for trial. (Doc. 22.) On June 27, 2017, Defendant filed a second motion to continue jury selection on the grounds that counsel for Defendant required more time to prepare for trial. (Doc. 24.) On July 27, 2017, Defendant filed a third motion to continue jury selection on the grounds that counsel for Defendant had yet to receive all discovery from the Government. (Doc. 26.) On September 21, 2017, Defendant filed a fourth motion to continue jury selection on the grounds that Defendant had yet to receive all discovery from the government. (Doc. 28.) The Government concurred in and this court granted all of Defendant's motions to continue. On November 28, 2017, the Government filed its first motion to continue jury selection on the grounds that counsel for the Government was scheduled to begin a separate trial the same week. (Doc. 30.) On January 3, 2018, Defendant filed his fifth motion to continue on the grounds that counsel for Defendant had a preplanned vacation that conflicted with the scheduled trial date. (Doc. 32.) On February 15, 2018, the Government filed a motion for a continuance on the grounds that plea negotiations were ongoing, but more time was required to attempt to resolve the matter. (Doc. 34.) That same day, the court granted the Government's motion to continue, as it had all previous motions to continue. (Doc. 35.) Relevantly, and unlike previous

orders, the February 15 order did not expressly state that "under 18 U.S.C. § 3161(h)[(7)](A)[1] [] the ends of justice served by granting this continuance outweigh the interests of the public and the Defendant to a speedy trial." (*Id.*) On April 27, 2018, Defendant sought an additional continuance to provide counsel an opportunity to research the issues raised in the instant motion. (Doc. 36.) The Government concurred in the request, which the court granted on April 30, 2018. (Doc. 37.) On June 26, 2018, the Government filed a motion to continue trial on the grounds that counsel for the Government was scheduled to prosecute a separate trial the same week as jury selection in the instant matter and because a witness for the government would be unavailable on the scheduled trial dates. (Doc. 39.) For the first time, Defendant did not concur in the Government's motion. (*Id.*) Despite Defendant's non-concurrence, the court granted the Government's motion to continue because the ends of justice served by doing so outweigh the interest of the public and the Defendant to a speedy trial. (Doc. 40.) On August 10, 2018, Defendant filed the instant motion to dismiss under the Speedy Trial Act.

---

[1] The Speedy Trial Act was amended in 2008 such that the current citation to the "ends of justice" provision is now 18 U.S.C. § 3161(h)(7)(A). *See United States v. Garraud*, No. 07-cv-427, 2008 WL 5264915, *3 (E.D. Pa. Dec. 17, 2008), *aff'd*, 434 F. App'x 132 (3d Cir. 2011). Because decisions prior to October 2008 and several of this court's orders use the prior citation of 18 U.S.C. § 3161(h)(8)(A), the court shall indicate the current citation in brackets where appropriate. Additionally, the court notes that it used proposed orders provided by the moving party in granting all continuances discussed herein. The parties are encouraged to review their standard proposed orders to ensure that citations are correct and that all proposed orders conform to the requirements of the Speedy Trial Act.

Specifically, Defendant argues that, because the court's February 15, 2018 order did not contain the "ends of justice" language, time between February 15, 2018, and April 27, 2018, could not properly be excluded from the time limitations set forth in the Speedy Trial Act. (Doc. 42.) The matter has been fully briefed and is ripe for disposition. For the reasons that follow, Defendant's motion will be denied.

## II. <u>Discussion</u>

Congress enacted the Speedy Trial Act to "give effect to the Sixth Amendment right to a speedy trial by setting specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Rivera Const. Co.*, 863 F.2d 293, 295 (3d Cir. 1988) (internal quotations omitted). In pertinent part, the Speedy Trial Act provides:

> [T]he trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. §3161(c)(1). The failure of the Government to do so must result in the dismissal of the information or indictment upon motion of the defendant. 18 U.S.C. § 3162(a)(2). The seventy-day limit, however, is not absolute. Section 3161(h) of the Act sets forth several categories of delay that must be excluded from the calculation of the seventy-day limit, set forth in pertinent part below:

4

> **(1)** Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
>
> . . .
>
> **(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> **(2)** Any period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct.
>
> **(3)(A)** Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.
>
> . . .
>
> **(7)(A)** Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161. If the court finds that dismissal is appropriate, it may do so with or without prejudice, upon consideration of "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* Initially, the court shall review the calculation of excludable time under the Speedy Trial Act.

*a. Calculation of time under Speedy Trial Act*

The seventy-day clock in this matter began on August 26, 2017, the day after Defendant's initial appearance before the court. The clock was immediately tolled by the April 25 motions by the Government (*see* Doc. 19,) until the May 1, 2017 order granting the Government's motion to unseal the case (Doc. 21.). The clock then ran from May 2, 2017 until May 31, 2017 when Defendant filed his first motion to continue jury selection. (Doc. 22.) As of May 31, 2017, 29 days had elapsed. From that point on, multiple continuances were granted. In its memorandum dated October 17, 2018, (Doc. 49,) the court set forth its statement of reasons for granting various continuances by orders dated June 1, 2017; June 28, 2017; July 31, 2017; September 22, 2017; November 29, 2017; January 3, 2018; April 30, 2018; and June 27, 2018. Thus, the time encompassed by those continuances—approximately fourteen months—is excluded from the seventy-day tabulation.

At issue here is this court's order dated February 15, 2018. This order did not contain the "ends of justice" language or any explicit reference to the Speedy Trial Act. Nonetheless, the court in its October 17, 2018 memorandum explained that the February 15 order expressly granted the Government's request for a continuance based solely on the ongoing plea negotiations between Defendant and the Government, which was justified under an "ends of justice" analysis.

Defendant argues that the period of delay resulting from the February 15 order is not excludable under Section 3161(h)(7)(A) because it did not contain the phrase "under 18 U.S.C. § 3161(h)[(7)](A) that the ends of justice served by granting this continuance outweigh the interests of the public and the Defendant to a speedy trial." After the February 15 order, another motion was filed and stopped the clock again on April 27, 2018. If the time between the February 15 order and the April 27 motion is not counted as excludable time, 52 days would be added Speedy Trial clock, resulting in 81 non-excludable days. If Defendant's calculation is correct, well over seventy days have elapsed and dismissal of the indictment is mandated by the Speedy Trial Act. The Government argues, simply, that the "ends of justice" language is not required as the reason is clear from the underlying motion to continue. Consequently, the Government posits, only 29 days have elapsed and no Speedy Trial Act violation exists. The court now turns to whether the omission of the "ends of justice" language in the February 15 order precludes that time from being excluded under the Act.

    *b. "Ends of Justice" language requirement*

Defendant's argument is straightforward: because the court did not include the "ends of justice" language in its February 15 order, it cannot later justify granting the continuance under an "ends of justice" analysis. The court disagrees.

7

Defendant's argument is predicated on a phrase from the Third Circuit's decision in *United States v. Brenna*, 878 F.2d 117, 121–22 (3d Cir. 1989): "We reaffirm, however, that an ends of justice continuance pursuant to section 3161(h)[(7)](A) cannot be entered *nunc pro tunc*, and hold that in its order, the district court must, at a minimum, state that it is entering an 'ends of justice' continuance or a continuance pursuant to section 3161(h)[(7)](A)." *Brenna* continued a long line of cases holding that an "ends of justice" continuance may be granted by an initial order that simply recites or refers to the language of Section 3161(h)(7)(A), but that a court must eventually set forth specific justifications as to how the ends of justice would be or were served by the continuance. *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982) ("Although the district court must decide initially whether to grant a continuance, we did not . . . require that the reasons for the decision be entered on the record at the same time that the decision is made. The language of the statute does not specify when the court's findings must be recorded, and the purposes of the statute are satisfied by a subsequent articulation."). Indeed, the statement of reasons may be set forth after the Act's seventy-day limit would have otherwise expired. *United States v. Lattany*, 982 F.2d 866, 877 (3d Cir. 1992); *see also Zedner v. United States*, 547 U.S. 489, 507, (2006) ("[F]indings must be put on the record by the time a district court rules on a defendant's motion to dismiss" for violation of the Speedy Trial Act.").

In order to address whether the court's February 15 order is sufficient to toll the Speedy Trial clock, the court will first look to the *Brenna* court's reasoning in establishing the formal requirements for an "ends of justice" continuance. The *Brenna* court acknowledged that granting a continuance for unspecified reasons and allowing a later justification raised the threat that "a district judge in a particular case may simply rationalize his action long after the fact, in order to cure an unwitting violation of the Act." *Brenna*, 878 F.2d at 122 (quoting *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985). Specifically in *Brenna*, the United States, following a mistrial, filed a motion to set a date for trial that simply stated that "the Speedy Trial Act requires that the trial of this case begin [] on or before June 1, 1988." Nonetheless, the district court set the trial date for July 22nd, 1988, and, in a later memorandum, stated that the interests of justice were served by waiting until the next group of potential jury members was empaneled. *Id.* at 118. Thus, the trial court determined that the time between the Government's motion and July 22, 1988, was excludable. *Id.* The Court of Appeals reversed, holding that the trial court's order gave no indication of its reasoning for granting the initial continuance and that the danger of a court retroactively rationalizing a prior order to meet the ends of justice analysis was too great. *Id.* at 122 (citing *United States v. Janik*, 723 F.2d 537, 544–45 (7th Cir. 1983)). Therefore, the reason behind

*Brenna*'s formal requirements is to prevent *post hoc* justifications that may not have been contemplated at the time the continuance was requested.

A later decision by the Third Circuit clarified that *Brenna* supplemented rather than abrogated prior decisions involving the Act. The Third Circuit in *Lattany*, 982 F.2d 866, explained that the standard originally set forth in *United States v. Rivera Construction Co.*, 863 F.2d 293 (3d Cir. 1988), was still applicable:

> The *Rivera* court . . . did not make any reference to the Act at the time it granted the continuance. Five days before the scheduled trial date, the defendants filed a motion to dismiss the indictment for violation of the Speedy Trial Act. The district court denied the motion to dismiss and only then stated that the time was excluded under § 3161(h)[(7)](B)(iv) . . . In *Rivera,* the district court did state on the record when it granted the continuance that it was doing so in order to allow new counsel sufficient time to prepare the defense. This Court held: "Viewed in the totality of the circumstances," the district court had made findings that were supported by the evidence and met the Act's requirement that they be stated on the record.

*Lattany,* 982 F.2d at 877. The *Lattany* court disapproved of requiring "magic words" in lieu of fulfilling the purpose of the Speedy Trial Act:

> The purpose of the requirement that reasons be stated is to insure careful consideration of the relevant factors by the trial court and to provide a reviewable record on appeal. Both purposes are served if the text of the order, taken together with more detailed subsequent statements, adequately explains the factual basis for the continuance under the relevant criteria . . . [Then,] there is no danger of the district court's retroactively using the continuances to manufacture excludable time after being asked to dismiss the indictment.

10

*Lattany,* 982 F.2d at 879–80 (citing *United States v. Rush,* 738 F.2d 497, 507 (1st Cir.1984)); *see also United States v. Breen,* 243 F.3d 591 (2d Cir. 2001) (("failure to utter the magic words 'ends-of-justice' at the time of ordering the continuance is not necessarily fatal."); *United States v. Boone*, No. 3-cr-02, 2002 WL 31761364, *8 (D. N.J. Dec. 6, 2002) (holding that the district court satisfied the requirements of section 3161(h)(7)(A) without using the words "ends of justice"). Because it did not contain a reference to section 3161(h)(7)(A) or the "ends of justice," the court's February 15 order failed to satisfy the formal requirements set forth in *Brenna*. Accordingly, the court must look to the "totality of the circumstances" in order to determine if the order satisfies the standard set forth in *Rivera*. *See Lattany*, 982 F.2d at 877.

The Government contends that the court's February 15 order may be read in conjunction with the Government's motion, seeking to continue trial based on ongoing plea negotiations. This court agrees. "Although the district court may not merely incorporate by reference the reasons set out in the statute, it is not necessary for it to articulate facts which are obvious and are set forth in the motion for the continuance itself." *Lattany*, 982 F.2d 866, 879 (citing *United States v. Rush*, 738 F.2d 497, 507 (1st Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985); *United States v. Mitchell*, 723 F.2d 1040, 1044 (1st Cir. 1983) (motion and court ruling read as complimentary documents). Essentially, *Lattany* held that the Government may

11

not rely upon a generic statement that the "ends of justice" necessitated the continuance, but must point to specific factual justification. The reason why the Government sought a continuance on February 13, 2018, is unequivocal and uncontested. The Government and Defendant were participating in ongoing plea negotiations, which, if they bore fruit, would render trial unnecessary. The ends of justice would undoubtedly be well-served by postponing trial in order to allow both parties the opportunity to come to a mutually acceptable resolution of the matter without the need for trial. *United States v. Fields,* 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)[(7)] suggests that an "ends of justice" continuance may not be granted for [ongoing plea negotiations] . . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an "ends of justice" continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.") (citing *United States v. Williams,* 12 F.3d 452, 460 (5th Cir. 1994)). The predominant question here is whether any ambiguity exists as to the reason for the continuance. Other cases in this district have held that the court may not rely upon the underlying motion if it is not apparent from the circumstances why the continuance was issued. *See United States v. Sampson*, No. 07-cr-389, 2011 WL 1357526, *7 (M.D. Pa. Apr. 11, 2011) ("The Government's argument that 'it is apparent from the motion that the continuance was granted to allow for continuity of counsel for codefendant Jenkins

12

and to allow for plea negotiations' must be rejected."). The court in *Sampson* relied on *United States v. Thomas,* 322 F. App'x 177, 183 (3d Cir. 2009) for the proposition that a court cannot conclude that a continuance was granted under an "ends of justice" analysis where the court granted the defendant's motion to continue without placing any findings in the record or in the text of the order. *Sampson*, 2011 WL 1357526 at *7. The *Thomas* court, however, summarily addressed those orders resulting in non-excludable time because, even assuming the time was non-excludable, they did not result in enough delay to trigger dismissal under the Act. *Thomas*, 322 F.App'x at 183. Conversely, the *Thomas* court found that a separate order could be construed as an "ends of justice" continuance without the express statutory language because the court acknowledged the defendant's need for new counsel in open court contemporaneous with its decision to grant the continuance.[2] Similarly here, the fact that plea negotiations were ongoing was placed on the record by the Government's motion, which was concurred in by Defendant. The court acknowledged this fact in granting its continuance. Because the court need not reiterate "facts which are obvious and are set forth in the motion for the continuance itself," and the Government's uncontested motion for a continuance sufficiently articulates a valid reason for granting an ends of justice continuance,

---

[2] The "order" in *Thomas* appeared to be an oral or dictated order in open court and did not appear to refer to the Speedy Trial Act.

13

this court concludes that the instant case presents no danger of the *post hoc* rationalization rebuked by the *Brenna* court. *Lattany*, 982 F.2d at 879. If the reason for the Government's request were not clear and unequivocal, this court would likely reach a different conclusion. However, based on the record, there can be no doubt as to the court's reasoning in granting the motion to continue. Accordingly, the February 15 order constitutes a valid "ends of justice" continuance, and the time between February 15 2018, and April 27, 2018, is excludable under the Speedy Trial Act.

Moreover, because Defendant concurred in the Government's motion for a continuance, this court would be remiss in granting Defendant's motion and allowing Defendant to be "wholly free to abuse the system by requesting ["ends of justice"] continuances and then argue that [his indictment] should be [dismissed] because the continuances [he] acquiesced in were granted." *Lattany*, 982 F.2d 883; *see also United States v. Villalobos*, 560 F. App'x 122, 124 (3d Cir. 2014) ("the fact that defense counsel jointly applied for these continuances with the Government is fatal to his claim . . . defendants cannot request continuances and then claim a violation of the Speedy Trial Act when the continuances are granted.") *citing United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) ( "The defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought."). The court

14

acknowledges that *Fields* involved a continuance affirmatively sought by the defendant and *Villalobos* involved a "joint application." However, there is no apparent distinction between the "joint application" in *Villalobos* and the concurred-in motion in the case *sub judice*. In both instances, the defendant had an opportunity to object, yet acquiesced in the Government's motion seeking continuance. The Third Circuit has repeatedly explained that finding Speedy Trial Act violations is disfavored where the defendant agrees to the continuance. Thus, Defendant's concurrence would likely be fatal to his motion regardless of the inclusion of the "ends of justice" language as discussed above.

## III. Conclusion

For the reasons set forth above, this court concludes that the February 15, 2018 order granting the Government's February 13, 2018 request for a continuance, read in conjunction with the underlying motion, satisfies the *Rivera* test for determining the sufficiency of a continuance granted under Section 3161(h)(7)(A) of the Speedy Trial Act. Accordingly, the time between February 15, 2018, and April 27, 2018, is excluded from the calculation of time under the Speedy Trial Act, and Defendant's motion to dismiss will be denied.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: October 18, 2018