IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:17-cr-123** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **ANTHONY JOHNSON** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is Defendant Anthony Johnson's motion to amend or vacate a sentence pursuant to 28 U.S.C. § 2255. (Doc. 129.) For the reasons set forth below, the motion will be denied.

### I.   Background

Following a jury trial on an armed robbery and shooting of a young man in York, Pennsylvania, Johnson was convicted of Hobbs Act Robbery under 18 U.S.C. § 1951 (Count 1), and Using, Carrying, Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A) (Count 2).

The Government's evidence at trial included video surveillance from a homeowner in the area which showed Johnson and his girlfriend's 16-year-old daughter, Hydiea Banks, meet the victim at a convenience store and proceed down an alley. The three then entered a breezeway between two houses and, shortly

thereafter, Johnson exited the breezeway and ran down the alley. Banks subsequently exited and ran the same direction as Johnson.

The Government also introduced the testimony of the victim who spent several months in a coma but eventually recovered. He testified that, after they entered the breezeway, he bent down to tie his shoe, at which time Banks pointed a gun at him and stated, "I need everything." When he refused to turn over his property, Johnson instructed Banks: "You know what to do," and exited the breezeway. After Johnson left, Banks shot the victim in the head. Ultimately, everything in the victim's pockets was taken, including his money and cell phone. (Doc. 109 pp. 43-44.)

Johnson did not testify at trial, but the Government played audio and video recordings of his two interviews with the police. During the interviews, Johnson initially denied any involvement in the robbery but later admitted to planning it with Banks, both admitted and denied any knowledge of Bank's carrying a gun, and repeatedly claimed that he left the scene of the robbery before the shooting. As the Third Circuit later summarized, the "crux of Johnson's defense was to distance himself from the near fatal shooting by trying to convince the police, and then the jury, that he had nothing to do with the shooting." (Doc. 114-2, p. 7.) [1]

---

[1] Johnson still maintains that he was "nowhere in the vicinity" when his accomplice fired the single gunshot. (Doc. 130, p. 2; *id.* at 3 ("Mr. Johnson recognized the attempt robbery confrontation turning aggressive and he fled the scene.").)

Following deliberations, the jury found Johnson guilty of both offenses. On February 20, 2020, the court sentenced Johnson to 110 months in prison for Count 1 and 120 months in prison for Count 2, to run consecutively.

Johnson now seeks to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, arguing that his predicate offense is not a crime of violence under section 924(c), resulting in an unconstitutional conviction and sentence after *United States v. Taylor*, 596 U.S. 845 (2022). The United States opposes Johnson's motion.

## II.   Legal Standard

A federal prisoner may move the court to vacate, set aside, or correct his sentence where the sentence imposed was unconstitutional, imposed by a court that lacked jurisdiction, in excess of the lawful maximum, or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To obtain relief under § 2255, a movant must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). Further, the contended "error must present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *United States v. Williams*, 615 F.2d 585, 589 (3d Cir. 1980).

III.   **Discussion**[2]

The Hobbs Act makes it a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component. 18 U.S.C. § 1951(a). Meanwhile, § 924(c) authorizes further punishments for those who use a firearm in connection with a "crime of violence."[3]  A federal felony qualifies as a "crime of violence" if it falls within the ambit of the "elements clause" of § 924(c). Under that clause, a predicate offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). That inquiry asks whether the government must always "prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 596 U.S. at 850. In answering that question, courts use the categorical approach and "look only to the statutory definitions—i.e., the elements—of a defendant's offense, and not to the particular facts underlying [the offense]." *Descamps v. United States*, 570 U.S. 254, 261 (2013) (cleaned up).

A conviction for completed Hobbs Act robbery requires the Government to prove that the defendant engaged in the "unlawful taking or obtaining of personal

---

[2] In its opposition brief, the United States argues that Johnson's claim is procedurally defaulted. However, the court need not address this argument as Johnson is not entitled to relief under *Taylor* in any event.

[3] Specifically, Section 924(c) punishes "any person who, during and in relation to any crime of violence . . .  uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).

property from the person . . . of another, against his will, by means of actual or threatened force." § 1951(b); *Taylor*, 142 S. Ct. at 2020. By contrast, to obtain a conviction for attempted Hobbs Act robbery, the Government must prove: "(1) the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Taylor*, 142 S. Ct. at 2020.

In analyzing these two crimes for purposes of § 924(c), the Third Circuit has squarely held that a completed Hobbs Act robbery under 18 U.S.C. § 1951(a) qualifies as a predicate crime of violence under the elements clause of § 924(c). because it requires an element of physical force. *United States v. Stoney*, 62 F.4th 108, 113-14 (3d Cir. 2023) ("We . . . hold that a completed Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A).") Attempted Hobbs Act robbery, on the other hand, does not. *Taylor*, 596 U.S. at 851.

Although Johnson concedes that he was convicted of completed Hobbs Act robbery, he asserts that his participation in the crime merely amounted to attempted robbery because, according to his version of events, he fled the scene before the robbery and shooting occurred. Citing *Taylor*, Johnson contends that the court should vacate his conviction since attempted robbery is not a predicate crime of violence under § 924(c). Unfortunately for Johnson, however, the categorical approach "does not require—in fact, it precludes—an inquiry into how any

particular defendant may commit the crime," *Taylor*, 596 U.S. at 850, and it certainly does not permit the court to ignore the basis of the conviction. Here, Johnson was unquestionably convicted at trial of completed Hobbs Act robbery, which is categorically a crime of violence and a qualifying predicate crime of violence for a § 924(c) conviction.

Johnson also argues that his § 924(c) conviction is also invalid because he did not personally brandish the firearm or commit the robbery that forms the basis for Count 2. In other words, Johnson asserts that his conviction for robbery is not a valid predicate for his § 924(c) conviction because it relies on an aiding and abetting theory of liability. However, liability for aiding and abetting another person's crime is not a separate offense from the underlying conduct. Instead, it simply makes those who aid and abet in a crime punishable as principals. Because Hobbs Act robbery itself is categorically a crime of violence, it therefore follows that aiding and abetting Hobbs Act robbery qualifies as a § 924(c) predicate crime of violence because it too requires an element of physical force. *United States v. Styles,* No. 19-3217, 2022 WL 34126, at *2 (3d Cir. Jan. 4, 2022). Accordingly, Johnson is not entitled to § 2255 relief.

## IV.   <u>**Conclusion**</u>

For the reasons set forth above, Johnson's section 2255 motion is plainly meritless. Consequently, the motion will be denied without a hearing, and the court will not issue a certificate of appealability.[4]

<u>s/Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge

---

[4] When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, the court concludes that Johnson has not made a substantial showing of the denial of a constitutional right.